UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANA P. MORALES, | § |
| Plaintiff, | § § § |
| v. | §  Civil Action No. 4:22-cv-00148 |
| JP MORGAN CHASE BANK N.A., | § § § |
| Defendant. | § § |

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL

Defendant JPMorgan Chase Bank, N.A. (Chase), incorrectly sued as JP Morgan Chase Bank NA, files its notice of removal of this action from the 234th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, the District and Division encompassing the place where the state court is located. This notice of removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Chase shows this Court as follows:

On January 3, 2022, plaintiff Ana P. Morales (Morales or Plaintiff) filed Plaintiff's Original Petition, Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction (the Complaint) in the 234th Judicial District Court of Harris County, Texas, styled *Ana P. Morales v. JP Morgan Chase Bank, N.A.*, where it was assigned cause number 2022-00333 (the State Court Action).

Removal is timely because thirty days have not elapsed since Chase was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day deadline to remove begins on the date the

summons or citation is served even if the complaint is received at a prior date). In fact, less than thirty days have elapsed since Morales filed the Complaint.

Chase is, contemporaneously with the filing of this notice, giving written notice of this removal notice to the clerk of the 234th Judicial District Court of Harris County, Texas, and will serve a copy of the removal notice on Morales.

In accordance with Local Rule 81, copies of all processes, pleadings, an orders signed by the state judge, a copy of the state docket sheet, and a complete list of all counsel of record, together with an index of such documents, are attached hereto collectively as Exhibit A. Chase is also filing contemporaneously with this notice a civil cover sheet.

I.
GROUND FOR REMOVAL: FEDERAL QUESTION

This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 in that it arises under the laws of the United States.

In the Complaint, Morales alleges Chase violated "Federal Consumer Protection Laws including but not limited to Regulation Z of the Real Estate Settlement Procedures [A]ct concerning Service company rules and regulations."[1] Morales further contends that Chase "failed to follow the safeguard rules set forth in 12 C.F.R. 1024" in connection with her alleged application to modify a mortgage loan.[2] Because Morales asserts claims that arise under federal law, this Court has federal question jurisdiction, and removal is proper.

---

[1] *See* Ex. A-3 ¶ 10.
[2] *See* Ex. A-3 ¶¶ 26-27.

II.
GROUND FOR REMOVAL: DIVERSITY

This Court also has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

A.   The amount in controversy exceeds the federal minimum jurisdictional requirements.

Morales seeks injunctive relief to prohibit Chase from selling at foreclosure the residential real property located at 5627 Dunbrook Park Lane, Katy, Texas 77449 (the Property).[3] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Washington State Apple Advert. Com'n*, 432 U.S. 333, 347 (1977)); *see also Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). "The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties . . ., establishes the properties as the object of the present litigation." *Id.* Furthermore, when the right to property is in question, the value of the property determines the jurisdictional amount in controversy. *See Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961); *see also Farkas*, 737 F.3d at 341.

According to the Harris Central Appraisal District, the Property's market value is $227,877.[4] Accordingly, the amount in controversy in this matter meets and exceeds the federal

---

[3] *See* Ex. A-3 ¶¶ 39-41 and Prayer.
[4] *See* Ex. B. Chase requests that the Court take judicial notice of the Property's appraised value. "District courts have routinely relied on [appraisal district's valuation] to establish the amount in controversy." *Dunn v. Midland Mortg.*, Civ. A. H-13-3516, 2014 WL 683854, at *2 (S.D. Tex. Feb. 20, 2014) (citing *Hearn v. Deutsche Bank Nat'l Trust Co.*, 2013 WL 6079460, at *4 (N.D. Tex. Nov. 18, 2013) (collecting cases holding appraisal valuations as competent evidence to establish the amount in controversy)); *Kew v. Bank of Am., N.A.*, No. H-11-2824, 2012 WL 1414978, at *3 n.4 (S.D. Tex. Apr. 23, 2012) (noting that a court may take judicial notice of the appraised fair-market value of property under Rule 201 because it can be accurately and readily determined from sources whose

jurisdictional minimum of $75,000, exclusive of interest and costs.

      B.      **Complete diversity between Morales and Chase exists.**

For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning whenever he is absent therefrom. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Morales "is an individual resident of Harris County[,] Texas" and the Property is her "homestead residence."[5] Morales, therefore, is a citizen of Texas.

A national banking association is deemed a citizen of the state in which it is located. 28 U.S.C. § 1348. For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 126 S. Ct. 941, 942, 163 L. Ed. 2d 797 (2006). Chase is a national association with its main office, as designated by its articles of association, in Columbus, Ohio. Chase, therefore, is a citizen of Ohio.

Accordingly, because the amount in controversy exceeds $75,000 and Morales is a citizen of Texas while Chase is a citizen of Ohio, this Court also has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

Wherefore, Chase prays that the above-described action now pending in the 234th Judicial District Court of Harris County, Texas be removed to this Court.

---

accuracy cannot reasonably be questioned and also noting that a "printout from the Harris Central Appraisal District's website is a public record under Rule 803(8)").
[5] *See* Ex. A-3 ¶¶ 1, 31.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
Wm. Lance Lewis, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
R. Kendall Yow
Texas Bar No. 24066806
S.D. Bar No. 1533937
Quilling, Selander, Lownds,
   Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
214-880-1833 Telephone
214-871-2111 Facsimile
llewis@qslwm.com
kyow@qslwm.com

ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.

CERTIFICATE OF SERVICE

This is to certify that on January 14, 2022 a true and correct copy of the foregoing document was furnished to plaintiff in accordance with the Federal Rules of Civil Procedure.

S. Tim Yusuf
Yusuf Legal Group, P.C.
Pearland Town Center
11200 Broadway, Suite 2743
Pearland, Texas 77584
tyusuf@yusuflegal.com

*/s/ R. Kendall Yow*
R. Kendall Yow